. JOHN B. FURBUSH, *pet'r for certiorari, versus* MELVIN
          ᵃ CUNNINGHAM *& als.*

This Court will not entertain a petition for *certiorari* for the correction of merely harmless errors which can in no event seriously prejudice the petitioner.

Thus, on a petition for a writ of *certiorari* to quash the record of a corps of justices of the peace and of the quorum, organized to hear the disclosure of the petitioner as a poor debtor, for the alleged reason that their decision as to the legality of his application, citation and service thereof, was contrary to law and in violation of his legal reghts; such writ will not be granted when it appears that the petitioner, notwithstanding the action of the justices, is entitled to judgment in an action by the creditor upon the petitioner's bond.

ON REPORT.

Petition for *certiorari*, alleging substantially that he was arrested upon a writ dated Oct. 29, 1863, in favor of James Bell against the petitioner and procured his discharge therefrom Nov. 9, 1860, by giving the bond mentioned in R. S., c. 113, § 16; that judgment was recovered in said suit, Sept. 17, 1861, and execution duly issued; that on Sept. 23, 1861, upon the petitioner's application duly made to Sam'l

Titcomb, a justice of the peace within the county, said Titcomb issued a citation to the said Bell, which was duly served, appointing Oct. 10, 1861, at 2 o'clock P. M., and said Titcomb's office as the time and place for the petitioner to disclose, &c. ; that, on the day and at the place named, the petitioner appeared and selected Melvin Cunningham, and counsel for the creditor appeared and selected William Gaslin, Jr., both disinterested justices of the peace and quorum within the county, to hear petitioner's examination ; that counsel for the creditor objected to the citation and service upon the ground that it should have been made to and served on one Mower, assignee of the suit, as appeared by an assignment upon the back of said writ ; that the justices disagreed, and that J. M. Meserve, a justice, &c., was duly selected as the third justice to decide the question ; that Gaslin and Meserve decided that service should have been made upon the assignee and refused to hear the petitioner's disclosure, "as will more fully appear by the record of said justices, the substance of which record is recited in the case *James Bell* v. *J. B. Furbush & als.*, brought upon said bond, and now pending in this Court."* The reasons assigned for granting the prayer of the petition were :

1. Because a majority of said justices illegally refused to hear the disclosure of said J. B. Furbush.

2. Because the decision of said majority as to the legality of said application and citation, and service thereof, was contrary to law.

3. Because the action of said Gaslin and Meserve, in refusing to hear the disclosure of said John B. Furbush, was in violation of the legal rights of your petitioner.

4. Because said assignment was illegally admitted by a majority of said justices.

The facts set out in the petition were admitted.

*S. Lancaster,* for the petitioner, cited

*Follansbee* v. *Bird,* 8 Cush., 289.

* See *Bell* v. *Furbush & als, ante,* p. 178.

*A. Libbey,* for the respondents.

BARROWS, J. — This is a petition for a writ of certiorari to bring up and quash the record of the respondents, sitting as justices of the peace and quorum, upon a citation procured by the petitioner, wherein it was adjudged, by a majority of the respondents, that the notice given by the petitioner was insufficient and that he should not be permitted to disclose thereupon.

Doubts have been suggested whether, under the present provisions of our statutes, the writ of certiorari can properly issue in any case of this kind. See *Pike* v. *Herriman,* 39 Maine, 52, and *Ross* v. *Ellsworth,* 49 Maine, 417. It is unnecessary to decide the question here. When some manifest error on a point of law is disclosed by any record which justices are required to make in these cases, and that error is shown to be injurious to the petitioner, and capable of being corrected by the writ and the proceedings thereon, so as to relieve the petitioner from the apprehended mischief, we shall feel bound to settle that question.

Upon a petition presenting such a condition of things, it would be a matter for careful consideration, whether the notice ought not to go to the party adversely interested, to appear and show cause against the granting of the writ, rather than to the magistrates, who have no interest in the matter to be affected and no duty to perform, except to present the record when the petitioner makes out a case requiring the intervention of the Court.

But, without determining any of these matters, it is sufficient here to say, that, as remarked by MORTON, J., in *Gleason·* v. *Soper,* 24 Pick., 181, "a petition for a certiorari is always an application to the discretion of the Court." And the Court will not entertain such a petition for the correction of merely harmless errors which can, in no event, seriously prejudice the petitioner.

In this case the facts are admitted to be set forth in the petition. The gravamen therein alleged appears to be, that a majority of the justices held that the citation should have

been served upon Nathan Mower, assignee of the claim sued in the action wherein Furbush was arrested, instead of being served upon James Bell, the plaintiff of record and judgment creditor, and thereupon " refused to hear the disclosure of said J. B. Furbush, as will more fully appear by the record of said justices, the substance of which record is recited in the case, *James Bell* v. *J. B. Furbush and others*, brought upon said bond and now pending in this Court."

But, in the suit thus referred to, we have found the defendants (*Furbush & als.*) entitled to judgment, notwithstanding this action on the part of the magistrates ; so that, granting there was error in their decision, nobody was harmed thereby, nor could any benefit result from quashing the proceedings.

There is nothing in the copies before us to show that the respondents have not volunteered a needless appearance here. Their claim for costs, made *arguendo*, is therefore disregarded. *Petition dismissed without costs.*

Appleton, C. J., Kent, Walton, Danforth and Tapley, JJ., concurred.